PHILLIP A. TALBERT
Acting United States Attorney
STEVEN S. TENNYSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>THE GREENVILLE RANCHERIA OF MAIDU INDIANS OF CALIFORNIA,<br><br>                              Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

The United States files this Complaint against the Greenville Rancheria of Maidu Indians of California ("Defendant"), alleging as follows:

**INTRODUCTION**

1. This is a complaint for damages arising out of a forest fire—known as the Ward Fire—that ignited on April 13, 2015, and burned over 105 acres of the Plumas National Forest. Defendant intentionally started fires that spread into the Plumas National Forest due to Defendant's failure to exercise reasonable care to ensure the fire did not escape. Defendant is liable for igniting these fires and then negligently letting them spread out of control.

**THE PARTIES**

2. The United States, as sovereign, owns National Forest System lands, including the Plumas National Forest, that are under the supervision, control, administration, and protection of the

United States Department of Agriculture, Forest Service ("Forest Service"), an agency of the United States. The United States, along with other agencies, has responsibility for fire suppression in and around the Plumas National Forest.

3. Defendant is a federally recognized Indian tribe, principally based in Plumas County, California.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345, because this action is commenced by the United States and arises under federal common law.

5. Venue is proper under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the United States' claims occurred in Plumas County, California, which is within this district.

## GENERAL ALLEGATIONS

6. The Heart K Ranch (the "Ranch") is a parcel of private property adjacent to the Plumas National Forest. At all relevant times, the Ranch was in a high-risk fire hazard area and posed a high risk of catastrophic wildfire. Defendant was aware of this risk.

7. In early 2013, Defendant was retained to reduce the accumulation of hazardous fuels on the Ranch (the "Fuels Reduction Project"). As part of this agreement, Defendant agreed to take the safety measures discussed in paragraph 11, below. Further, to perform the Fuels Reduction Project, Defendant assigned a work crew that had specialized training and experience to perform such a project, and their work continued intermittently until at least April 9, 2015.

8. As part of the Fuels Reduction Project, Defendant intentionally ignited "slash piles." Burning slash piles is a process through which work crews dispose of hazardous fuels by piling and burning them. Burning slash piles in an area at high risk of fire is a dangerous activity involving a great risk of harm.

9. In 2014, while working on the Fuels Reduction Project, Defendant lost control of its slash piles on multiple occasions, resulting in at least one small fire.

10. On or around April 9, 2015, Defendant's crew intentionally ignited slash piles on the Ranch in locations near the Plumas National Forest (the "Bonfires").

11. Despite the circumstances described in paragraphs 6 through 10, above, Defendant failed

to exercise reasonable care to ensure that the Bonfires did not spread out of control.  First, Defendant failed to create a fire break around the Bonfires.  To reduce wildfire risk, slash piles must be "lined," which entails digging a ditch around a slash pile to prevent the fire from spreading into the surrounding area.  Second, Defendant failed to ensure that the Bonfires were completely extinguished after they appeared to be finished burning, using a technique called "mopping up," or completely dousing the burn pile with water and ensuring that it is cool to the touch.  Mopping up is a step customarily used in intentional burns to help ensure there will be no smoldering fire left to escape.

12. Predictably, Defendant's failure to line and mop up the Bonfires led the fire to escape into the surrounding area.

13. On April 13, 2015, neighbors of the Ranch witnessed smoke coming from the area in which Defendant had burned the Bonfires.  By approximately 5:30 p.m. on that date, a member of Defendant's crew called the Forest Service and stated that Defendant had lost control of the Bonfires.

14. On April 13, 2015, the Ward Fire spread rapidly from the Bonfires, across the Ranch, and entered the adjacent Plumas National Forest, eventually burning more than 105 acres of forestland.

15. After the fire's ignition and uncontrolled spread, the Forest Service, along with other agencies, employed substantial resources and incurred substantial costs in suppressing the Ward Fire.  The United States' damages include, but are not limited to, the costs of fire suppression, loss of environmental values, as well as loss of enjoyment and use.  The amount of these damages will be proven at trial.

16. The United States has made a demand on Defendant for payment of some of the costs and damages incurred by the United States in connection with the Ward Fire, including suppression costs.  Defendant has not paid any part of the sum demanded by the United States.

### COUNT I
### (Negligence)

17. The United States incorporates the above allegations.

18. Defendants intentionally ignited the Bonfires and then failed to take reasonable precautions to prevent their uncontrolled spread.  As a result of those negligent actions, the United States suffered damages in an amount to be proven at trial.  Defendants are liable for these damages under

federal common law, both under general principles of negligence and borrowing from California common law that is not aberrant or hostile to federal interests to supply the federal rule of decision.

19. At all times relevant to this action, Defendant had a duty to exercise reasonable care commensurate with risk posed by their conduct, taking into consideration all relevant circumstances. These circumstances include the level of skill, knowledge, and care that a reasonably careful person in Defendant's position would exercise while engaging in a dangerous activity involving a great risk of harm like setting fires in an area of high fire risk.

20. Defendant breached these duties by, among other things: failing to take reasonable precautions to prevent the spread of fire and failing to control or extinguish the fire before leaving the work site.

21. The United States is further entitled to a presumption and inference of negligence under the doctrine of *res ipsa loquitur*, because: (1) the ignition and spread of the Ward Fire was an incident of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the Ward Fire was caused by an agency or instrumentality within the exclusive control of Defendant; and (3) the United States did not cause or contribute to the ignition of the Ward Fire.

22. Defendant's negligent acts and omissions caused the Ward Fire to spread unto federal land and were the proximate cause of substantial harm to the United States

23. At all relevant times, Defendant's employees acted at within the course and scope of their employment, and Defendants are liable for the acts and omissions of the employees in starting the fire and allowing it to spread.

24. As a proximate result of Defendant's negligence, the United States has incurred damages in an amount to be established at trial.

## COUNT II
### (Trespass by Fire)

25. The United States incorporates the above allegations.

26. Defendants negligently failed to contain the Bonfires, which then spread onto the Plumas National Forest on April 13, 2015.

27. This encroachment and invasion by fire onto the United States' property was done

COMPLAINT 4

without the United States' consent.

28. As a proximate result of this trespass, the United States has suffered substantial damage, including, but not limited to, costs of fire suppression and loss of irreplaceable environmental resources, in an amount to be proven at trial.

### COUNT III
### (Interest and Penalties)

29. The United States restates the above allegations as if fully set forth herein.

30. The United States is entitled to recover interest and penalties under federal law, including without limitation under the Debt Collection Act, 31 U.S.C. § 3717, and federal common law borrowing from state law to supply the federal rule of decision.

### PRAYER FOR RELIEF

WHEREFORE, the United States prays for judgment in its favor awarding the United States:

A. Damages fully and fairly compensating the United States for all damages sustained from the Ward Fire, including the costs of fire suppression, and the loss of irreplaceable environmental resources;

B. Interest, including interest as authorized under 31 U.S.C. § 3717 and federal common law, and

C. Any other relief this Court deems appropriate.

Dated: April 13, 2021                            Respectfully submitted,

                                                 PHILLIP A. TALBERT
                                                 Acting United States Attorney

                                                 By: *Steven S. Tennyson*
                                                 STEVEN S. TENNYSON
                                                 Assistant United States Attorney

COMPLAINT                                        5

**DEMAND FOR JURY TRIAL**

The United States hereby demands a jury trial for all issues so triable in this action.

Dated:  April 13, 2021                              Respectfully submitted,

                                                    PHILLIP A. TALBERT
                                                    Acting United States Attorney

                                                    By: *Steven S. Tennyson*
                                                    STEVEN S. TENNYSON
                                                    Assistant United States Attorney