Thomas M. Downey, SBN 142096
tdowney@burnhambrown.com
Gregory H. McCormick, SBN 164461
gmccormick@burnhambrown.com
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604-0119

2125 Oak Grove Road, Suite 105
Walnut Creek, California 94598-2537
Telephone: (510) 444-6800
Facsimile: (510) 835-6666

Attorneys for Defendant and Third Party Plaintiff and Cross-Defendant
THE GREENVILLE RANCHERIA OF MAIDU INDIANS OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE GREENVILLE RANCHERIA OF MAIDU INDIANS OF CALIFORNIA and ROES 1 TO 20,<br><br>Defendants. | No. 2:21-cv-00662-WBS-KJN<br><br>**ANSWER OF DEFENDANT, THIRD PARTY PLAINTIFF AND CROSS-DEFENDANT THE GREENVILLE RANCHERIA OF MAIDU INDIANS OF CALIFORNIA TO THIRD PARTY DEFENDANT AND CROSS-CLAIMANT FEATHER RIVER RESOURCE CONSERVATION DISTRICT'S CROSS-CLAIM FOR CONTRACTURAL AND EQUITABLE INDEMNITY**<br><br>Complaint Filed: April 13, 2021<br>TGRMIC's Third Party Complaint Filed: March 25, 2022<br>FRRCD's Cross-Claim Filed: April 19, 2022<br>Trial Date: January 31, 2023 |
| THE GREENVILLE RANCHERIA OF MAIDU INDIANS OF CALIFORNIA,<br><br>Third Party Plaintiff,<br><br>v.<br><br>FEATHER RIVER RESOURCE CONSERVATION DISTRICT and ROES 1 – 20, inclusive,<br><br>Third Party Defendants. | |
| AND RELATED CROSS-CLAIMS | |

1

ANSWER OF THE GREENVILLE RANCHERIA OF MAIDU INDIANS OF CALIFORNIA TO FEATHER RIVER RESOURCE CONSERVATION DISTRICT'S CROSS-CLAIM

No. 2:21-cv-00662-WBS-KJN

Defendant, Third Party Plaintiff and Cross-Defendant THE GREENVILLE RANCHERIA OF MAIDU INDIANS OF CALIFORNIA (hereinafter "Defendant" or "Rancheria"), in answer to the Cross-Claim of Third Party Defendant and Cross-Claimant FEATHER RIVER RESOURCE CONSERVATION DISTRICT (hereinafter "Cross-Claimant" or the "District"), responds as follows:

1. Defendant denies the claims referenced in Paragraph 1.

**FACTUAL ALLEGATIONS**

2. Defendant admits that the Complaint in this action was filed on April 13, 2021 by the Plaintiff seeking damages from the Ward Fire and that a copy of the Complaint is attached as an exhibit to the Cross-Claim. Defendant denies all other allegations in Paragraph 2.

3. Defendant admits that it entered into a written agreement to provide services to reduce fire fuel loads at the Heart K Ranch. Defendant denies all other allegations in Paragraph 3.

4. Defendant admits the written agreement between Defendant and Cross-Claimant includes the language identified as section 2.5. Defendant denies all other allegations in Paragraph 4.

5. The Cross-Claim does not contain a Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7.

**CROSS-CLAIM I**

**(Indemnity)**

8. In response to the allegations in Paragraph 8, Defendant incorporates by reference, as though set forth herein, its responses to the allegations in Paragraphs 1 through 7 above.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

/ / /

12. Defendant admits that an actual controversy exists between Cross-Claimant and Defendant concerning their respective rights and duties. Defendant denies all other allegations of Paragraph 12.

13. Paragraph 13 contains no factual allegations that require a response.

**CROSS-CLAIM II**

**(Contribution)**

14. In response to the allegations of Paragraph 14, Defendant incorporates by reference, as though set forth herein, its responses to the allegations in Paragraphs 1 through 13 above.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant admits that an actual controversy exists between Cross-Claimant and Defendant concerning their respective rights and duties. Defendant denies all other allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Paragraph 20 contains no factual allegations that require a response.

**CROSS-CLAIM III**

**(Contractual Indemnity/Breach of Contract)**

21. In response to the allegations of Paragraph 21, Defendant incorporates by reference, as though set forth herein, its responses to the allegations in Paragraphs 1 through 20 above.

22. Defendant admits that Cross-Claimant entered into a written agreement with Defendant. Defendant denies all other allegations in Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

**CROSS-CLAIM IV**

**(Contractual Indemnity – Defense – Breach of Contract)**

27. In response to the allegations of Paragraph 27, Defendant incorporates by reference, as though set forth herein, its responses to the allegations in Paragraph 1 through 26 above.

(Second Paragraph No. 27.) Defendant admits that Cross-Claimant entered into a written agreement with Defendant. Defendant denies all other allegations in this Paragraph.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

**RESPONSE TO PRAYER FOR RELIEF**

In further answer to the Cross-Claims and the Cross-Claimant's Prayer for Relief, Defendant denies that Cross-Claimant is entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES**

In further answer to the Cross-Claim and as separate and distinct defenses to the claims set forth in the Cross-Claim, Defendant alleges the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Sovereign Immunity)**

1. The cross-claims alleged by Cross-Claimant are barred because Defendant is a federally recognized Indian tribe that is immune from suit under the doctrine of sovereign immunity.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

2. The cross-claims alleged by Cross-Claimant are barred by the lack of subject matter jurisdiction because Defendant is a federally recognized Indian tribe that is immune from suit under the doctrine of sovereign immunity. The Cross-Claimant fails to set forth a factual basis for establishing subject matter jurisdiction for the cross-claims alleged.

**THIRD AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

3. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, on the grounds that the losses sustained by Cross-Claimant, if any, were caused by the negligence of Cross-Claimant and/or the Cross-Claimant's agents.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

4. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, on the grounds that the Cross-Claimant failed to mitigate its damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

5. The cross-claims of the Cross-Claimant are barred, in whole or in part, on the grounds that the damages sustained by Cross-Claimant, if any, were caused, in whole or in part, by the negligence, strict liability or fault of others for which this Defendant is not liable or responsible.

**SIXTH AFFIRMATIVE DEFENSE**

**(Superseding and Intervening Cause)**

6. The damages sustained by Cross-Claimant, if any, have been proximately caused, in whole or in part by unforeseen superseding and intervening causes over which Defendant had no control, thereby barring or diminishing recovery on the Cross-Claimant against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

7. As a sixth affirmative defense to each cause of action, the claims alleged by Cross-Claimant are barred, in whole or in part, under the equitable doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8. The cross-claims alleged by Cross-Claimant are barred, in whole or in part, under the doctrine of latches.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

9. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, on the grounds that Cross-Claimant has expressly and/or impliedly waived the right to assert such causes of action due to verbal and/or written expressions or conduct.

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

10. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, by the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Contribution)**

11. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, on the grounds that the loss and/or damages alleged were proximately caused and/or contributed to by the negligence and/or otherwise wrongful or unlawful conduct of other parties. Based on such conduct, Cross-Claimant's claims are wholly and/or partially barred from recovery herein.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to State A Cause of Action)**

12. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, on the grounds that the cross-claims fail to state a cause of action for which it is entitled to compensation or relief of any kind from this answering Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

13. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, on the grounds that the Cross-Claimant consented to the matters set forth in the Cross-Claim.

/ / /

/ / /

/ / /

/ / /

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim – Attorneys' Fees)**

14. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, on the grounds that the Cross-Claimant has failed to state a claim upon which attorneys' fees can be awarded.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

15. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Causation)**

16. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, on the grounds that Defendant's conduct was not a substantial factor in causing the subject fire and any claims derived from it.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Allocation of Fault)**

17. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, to the extent such claims are subject to joint and several liability and an apportionment between parties based on a percentage of liability determination pursuant to California Civil section 1431.1.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Conditions Precedent)**

18. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, due to the Cross-Claimant's failure to fulfill conditions precedent and/or subsequent.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Breach of Contract)**

19. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, due the Cross-Claimants breach of the terms and conditions of the subject agreement.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Good Faith)**

20. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, on the grounds that the Defendant acted reasonably and in good faith in its conduct regarding the matters alleged.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Indemnity)**

21. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, because Defendant is entitled to indemnification from other persons and/or entities that were the cause of losses incurred, if any.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary Parties)**

22. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, because the Cross-Claimant has failed to join necessary parties that are subject to liability for the matters alleged in the cross-claims.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Satisfaction)**

23. The cross-claims alleged by the Cross-Claimant are barred, in whole or in part, because the Defendant duly performed, satisfied and discharged all duties and obligations it may have owed to the Cross-Claimant arising out of any and all agreements, representations or contracts made by it or on behalf of Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

24. Defendant is presently unaware of whether it may have additional affirmative defenses that are applicable to the cross-claims alleged herein and reserves the right to seek authorization from the Court to amend this answer to assert such further defenses.

/ / /

/ / /

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues and claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, this Defendant prays for judgment as follows:

1. That Cross-Claimant take nothing by its Cross-Claim and that the Cross-Claim be dismissed with prejudice;

2. For reasonable attorneys' fees;

3. For all costs of suit incurred herein;

4. For such other and further relief as this Court deems just and proper.

DATED: May 10, 2022

BURNHAM BROWN

By: ***/s/ Thomas M. Downey***
THOMAS M. DOWNEY
GREGORY H. McCORMICK
Attorneys for Defendant, Third Party Plaintiff and Cross-Defendant
THE GREENVILLE RANCHERIA OF MAIDU INDIANS OF CALIFORNIA

4892-8424-6557, v. 1